**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD DUANE ARQUETTE,

        Petitioner,        CASE NO. 05-CV-73915

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Edward Duane Arquette ("Petitioner"), a state inmate currently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

**I.    BACKGROUND**

Petitioner's conviction arises out of the sexual assault of his niece, Jessica Arquette, who was eleven years old at the time of the assault. She testified that she lived near Petitioner, her uncle, in May 2000. On May 28, 2000, she was playing outside Petitioner's home with her cousins. Petitioner called her into his home. He placed a pornographic movie in the VCR, and she sat on his lap while they watched it together. Jessica testified that Petitioner then told her to take her clothes off and lie on the floor. She did so. Petitioner made her touch him. He then got on top of her and ejaculated.

The trial court allowed three witnesses to testify regarding other instances of sexual misconduct by Petitioner. Betsy Ewers testified that she began babysitting Petitioner's three

children in 1995. Sometime in April 1996, when Ewers was fourteen years old, Petitioner and she became engaged in a sexual relationship which continued for approximately a year until Petitioner's wife discovered the relationship.

Manuela Arquette, Jessica Arquette's cousin, testified that in 1996, when she was ten or eleven years old, she slept over Petitioner's house in order to visit his daughter, her cousin, Cassandra. She testified that, in the middle of the night, Petitioner woke her up, took her into his bedroom, showed her a pornographic movie, and removed his clothes. He forced her to touch him until he ejaculated. She did not tell anyone about the incident until 2000.

Manuela's sister, Kitcha Arquette, testified that, sometime in 1997, when she was fourteen years old and babysitting Petitioner's children, Petitioner brought her into his bedroom and asked her to have sex with him. She refused and left.

Petitioner testified in his own defense. He admitted having had a consensual sexual relationship with Betsy Ewers. He denied having any inappropriate contact with Jessica Arquette.

Following a jury trial in Bay County Circuit Court, Petitioner was convicted of one count of second-degree criminal sexual conduct, second or subsequent offense. He was sentenced to 156 to 270 months imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals presenting the following claims:

> I. The trial judge reversibly erred, and denied Mr. Arquette his Federal Constitutional right to due process of law, by admitting, over objection, testimony from three individuals regarding unrelated acts of uncharged misconduct where the uncharged misconduct was not probative of any fact at issue and the probative value of the evidence was clearly outweighed by the potential for unfair prejudice.

> II. The trial judge abused his discretion by admitting, over objection, extra-judicial statements the complainant made to Dr. Rashid Siddiqui pursuant to the MRE 803(4) exception to the hearsay rule because the statements were not made in connection with medical diagnosis or treatment, and extra-judicial statements the complainant made to her mother hours after the alleged sexual assault pursuant to the MRE 803(2) exception to the hearsay rule because the prosecution failed to establish a foundation for their admission as an excited utterance.
>
> III. The trial judge clearly erred by finding as a matter of law that there were substantial and compelling reasons to depart from the statutory sentencing guidelines range and abused his discretion by imposing a minimum sentence of 156 months despite a guidelines range of 36 to 88 months because the sentence imposed was excessive and disproportionate.

The Michigan Court of Appeals affirmed the conviction and remanded the case for entry of a sentencing guidelines departure form. *People v. Arquette*, No. 244940, 2004 WL 345498 (Mich. Ct. App. Feb. 24, 2004) (unpublished). Petitioner moved for reconsideration of the court's order, which the court denied. *People v. Arquette*, No. 244940 (Mich. Ct. App. Apr. 7, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal on December 9, 2004. *People v. Arquette*, 471 Mich. 933 (Mich. 2004). On February 28, 2005, the Michigan Supreme Court denied Petitioner's motion for reconsideration. *People v. Arquette*, 472 Mich. 870 (2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented on direct review.

## II. ANALYSIS

### A. Standard of Review

3

Title 28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1);[1] *see Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .

[A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### B. Admission of Other Acts Testimony

In his first claim for habeas corpus relief, Petitioner argues that his right to due process was violated when the trial court admitted other acts evidence. Specifically, the trial court allowed three witnesses to testify regarding allegations of sexual misconduct. Betsy Ewers testified that, when she was fourteen years old, she began babysitting Petitioner's children. Soon thereafter, she and Petitioner began an intimate sexual relationship. Manuela Arquette,

5

Petitioner's niece, testified that approximately five or six years earlier, Petitioner invited her into his bedroom, placed a pornographic video in the VCR, disrobed, and forced her to touch him until he ejaculated. Manuela's older sister, Kitcha Arquette, testified that in 1997, Petitioner asked her if she would have sex with him, she refused and left his home.

"Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990). Although the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, see *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Therefore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513. Petitioner's challenge to the admission of the prior bad acts evidence, therefore, does not warrant habeas relief.

Furthermore, even if Petitioner's claim were cognizable on habeas review, he is not entitled to relief. The Michigan Court of Appeals upheld the trial court's determination that the evidence was properly admitted. The court reasoned that, although there were several

6

dissimilarities among the various acts, the similarities were substantial, pointing to a common scheme, plan, or system in doing an act. *Arquette*, 2004 WL 345498, at *2. In addition, the court of appeals held that the probative value was not substantially outweighed by the danger of unfair prejudice and that the trial court's limiting instruction was adequate. *Id.* The state court's decision is neither contrary to nor an unreasonable application of United States Supreme Court precedent. The disputed evidence was properly admitted under Michigan law to establish motive and intent. Petitioner has not shown that the admission of the evidence of his prior conduct rendered his trial fundamentally unfair.

      C.      **Admission of Out-of-Court Statements**

Second, Petitioner argues that the trial court erred in admitting out-of-court statements made by the victim to a treating physician and to her mother.

The first statement challenged by Petitioner is the victim's statement to a treating physician identifying Petitioner as the person who molested her. The Michigan Court of Appeals held that the prosecutor failed to establish that the statement was made for medical diagnosis or treatment, and therefore was not properly admitted under that exception to the rule against hearsay. *Id.* at *3. However, the court held that the error was harmless because it was corroborated by the testimony of the declarant, the victim. *Id.* The second statement challenged by Petitioner is the victim's statement to her mother identifying the Petitioner as the perpetrator. The court held that the statement was properly admitted under the excited utterance exception to the hearsay rule. *Id.*

As discussed above, generally speaking, claims of violation of state law, including state evidentiary error, are not cognizable on a petition for federal habeas corpus relief. "Errors by a

7

state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). Petitioner has not shown that the admission of this testimony violated his right to a fair trial.

Moreover, this is not a case in which the Confrontation Clause is implicated. The Confrontation Clause is not implicated where "a hearsay declarant is present at trial and subject to unrestricted cross-examination." *United States v. Owens*, 484 U.S. 554, 560 (1988). The admission of the victim's prior statements identifying Petitioner as the perpetrator when the declarant was available for cross-examination at trial is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. Petitioner's claim of error concerning the admission of prior consistent statements that the victim made, therefore, suggests an error of state law that is not cognizable in federal habeas review.

### D. Sentencing Claim

Finally, the Petitioner argues that habeas relief should be granted because the sentencing judge failed to give substantial and compelling reasons for departing from the sentencing guidelines range and because his sentence was disproportionate. Petitioner was sentenced as a second habitual offender to 156 to 270 months imprisonment.

Under MICH. COMP. LAWS § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing

guidelines is a matter of state law. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (unpublished) (holding that a state court's application of sentencing guidelines is a matter of state concern only). Thus, this claim is not cognizable on federal habeas review.

Petitioner also claims that his sentence was disproportionate. There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1997). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare").

Under Michigan law, the maximum sentence for habitual offender, second offense, is 1-½ times the longest term prescribed for a first conviction of that offense. MICH. COMP. LAWS § 769.10. The longest term prescribed for second-degree criminal sexual conduct is fifteen years imprisonment. MICH. COMP. LAWS § 750.520c. Thus, the maximum possible sentence was 22-1/2 years imprisonment. Petitioner was sentenced to 13 to 22-1/2 years imprisonment. In rendering its sentence, the trial court noted that the manner in which the young victim was sexually assaulted and the Petitioner's apparent resistance to rehabilitation justified the sentence imposed. Given that Petitioner's sentence did not exceed than the statutory maximum, and given

9

the circumstances of the crime, the Court finds that Petitioner's sentence does not offend the Eighth Amendment. Therefore, he is not entitled to habeas corpus relief with respect to this claim.

### E. Certificate of Appealability

The Court next addresses whether Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus; and

(2) **DECLINES** to issue a Certificate of Appealability.

**SO ORDERED.**

                                      s/Paul D. Borman
                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

Dated: June 8, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 8, 2007.

                                      s/Denise Goodine
                                      Case Manager